Tim Winters, Chairman Information Network of Kansas 632 S.W. Van Buren, Suite 100 Topeka, Kansas 66603
Dear Mr. Winters:
As Chairman of the Board of Directors for the Information Network of Kansas, Inc., you request our opinion regarding whether any member of the Board may designate a representative who will attend Board meetings in the member's stead. In response, we issued Attorney General Opinions No.2002-46 and 2002-52. After issuance of Attorney General Opinion No.2002-52, Art Griggs, Chief Attorney for the Kansas Department of Administration, asked whether the provisions of K.S.A. 75-3702j would alter our conclusion regarding the authority of the Director of Information Systems and Communications to appoint a person to serve on the Board in the Director's absence. Because the statute does result in additional authority being conferred upon the Director, we issue this amendment to Attorney General Opinion No. 2002-52.
K.S.A. 75-3702j establishes the authority of the Secretary of Administration to organize the Department of Administration. The statute states in part:
 "(b) Subject to the provisions of subsections (a) and (c), personnel of each division of the department of administration shall perform such duties and shall exercise such powers as the head of the division may prescribe and shall perform such duties and shall exercise powers as are prescribed by law. Personnel of each division shall act for, and exercise the powers of, their division head to the extent the authority to do so is delegated by the division head.
 "(c) Whenever any power, duty or function is designated by statute to be carried out by a particular organizational unit or employee within the department of administration, the secretary of administration is authorized to transfer any such power, duty or function to any other organizational unit or employee within the department. Included within the secretary's authority to reorganize the department is the authority to abolish organizational units and consolidate powers, duties and functions of such organizational units. Transfers and reorganization pursuant to this subsection (c) shall be subject to the approval of the governor."[1]
As noted in Attorney General Opinion No. 2002-52, there is within the Department of Administration a Division of Information Systems and Communications, the Director of which is appointed by the Secretary of Administration.[2] As a division head within the Department of Administration, the Director is authorized pursuant to K.S.A. 75-3702j to delegate the powers of the position to other personnel in the Division of Information Systems and Communications. This authority is similar to that conferred upon the Secretary of Transportation[3] and the Secretary of Revenue.[4] It was determined in Attorney General Opinion No. 2002-52
that the delegation authority conferred upon the Secretary of Transportation and the Secretary of Revenue allows the Secretaries to appoint persons who are to attend meetings of the Board of Directors of the Information Network of Kansas (INK) in the Secretaries' absence. Any authority exercised by the appointed persons is subject only to the limitations placed upon it by the Secretaries. Given the similarity in the language used in K.S.A. 75-3702j, 75-5005, 75-5015, and 75-5127, it is our opinion that the Director exercises the same delegation authority as do the Secretaries. Therefore, the Director may delegate to an employee within the Division of Information Services and Communications the duty of attending meetings of the Board of Directors of INK. The authority of the employee to vote on matters before the Board is dependent on the extent of authority delegated by the Director. Any portions of Attorney General Opinion No. 2002-52 indicating a different conclusion are hereby withdrawn.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 75-3702j (emphasis added).
[2] K.S.A. 75-4701(a).
[3] K.S.A. 75-5005; 75-5015.
[4] K.S.A. 75-5127.